ROBERT B. GIDDING, ESQ.
ID. 52167
Two Bala Plaza
Suite 300
Bala Cynwyd, PA  19004
(610) 664-4530
(610) 664-3723
rbrandg@comcast.net

```
                              :   UNITED STATES DISTRICT COURT
UNITED STATES                 :   EASTERN DISTRICT OF PA.
                              :
        v.                    :   CRIMINAL
                              :
PATRICK BUNTY                 :   No. 07-CR-641
                              :
```

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
## TO ADMIT EVIDENCE OF OTHER CRIMES UNDER FED.R.EVID. 414
## AND FED.R.EVID. 404(B)


The Defendant, Patrick Bunty, through his attorneys, respectfully submits this Memorandum of Law in opposition to the government's motion to admit evidence of other crimes under federal rules of evidence 414 and 404(b).

I.  FACTUAL BACKGROUND

The government has charged Defendant with two counts relating solely to his alleged possession of child pornography.
Homeland Security agents seized two sets of the same six images of naked girls from defendant's luggage at the Philadelphia International Airport when he returned from England after a business trip.  Defendant is a computer security consultant and the goverment alleges it found these images in a thumb drive and floppy disk in his luggage.

These images do not depict any sexual activity whatsoever; each image depicts one naked girl dressed up in costume in a standing position. One image shows a close up of genitalia without revealing anything more than pubic hair. The images do not depict any touching of genitalia or breasts by anyone; the girls in the photographs are not touching their own genitalia or breasts. In fact, one cannot even see genitalia in these pictures because the subjects are standing up and their legs are together.

The images simply show naked girls standing up. The close-up of the vagina depicts only the exterior pubic hair with NO depiction of anyone touching the genitalia or penetrating it.

Yet, the government has charged defendant with transportation of prohibited visual images under 18 U.S.C. sec. 2252(a)(1) and possession of prohibited visual images under 18 U.S.C. sec. 2252(a)(4). The defense has filed eight pre-trial motions, one of which seeks to quash the indictment because the images do not constitute "pornography" as the statute and case law define it; the images show no sexual contact or activity.

The transportation count exposes defendant to a mandatory minimum of 5 years in prison and the possession count exposes him to an additional 5 years or more of prison. Defendant is facing a possible sentence of 10-15 years simply because the government alleges he possessed six images of naked girls.

Now, the government seeks to introduce evidence of prior crimes NOT RELATING TO PORNOGRAPHY in its case-in-chief, alleged prior crimes relating to child molestation of actual victims.

A.   Sexual Abuse of Victim M.B.

M.B. is Defendant's adopted son, born June 12, 1971.  M.B. is now almost 38 years old.  Defendant denies these allegations.  The government says that this alleged abuse took place when M.B. was between 5-6 and 14-15 years old.  **Therefore, the alleged abuse happened between 33 and 23 years ago**.  This story of "abuse" is nothing more than a family myth; a story blown completely out of proportion to any fact.  M.B. has been a drug addict and alcoholic; what he may say or remember would be inherently unreliable.

No charges were ever brought against him.

B.   Sexual Abuse of Victim C.B.

C.B., born June 23, 1998, is M.B.'s daughter.   The Commonwealth charged defendant in September, 2004, when C.B. was six years old, with five counts arising out of alleged abuse of C.B.  The charges were: rape, sexual assault, indecent assault, indecent exposure and corruption of minors, 18 Pa.C.S.A. sec. 6301(a)(1).  Two were felonies (sexual assault and rape).

The Commonwealth, in plea agreement, dropped all counts except the corruption of minors count.  The statutory definition of Corruption of Minors does not classify 18 Pa.C.S.A. sec.

6301(a)(1) as an offense of child molestation under Pennsylvania law because its elements do not involve sexual acts.

Defendant did not plea guilty to any allegation regarding sexual molestation of C.B.  His plea of guilty to Corruption of Minors, a misdemeanor of the first degree, carried a negotiated sentence of probation for three years with no incarceration and no application of Megan's law registration.

The government, in footnote 1 of its Memorandum, claims that the victim child was "traumatized" by "sexual abuse" and was reluctant to testify against him and that therefore the State agreed to a lesser plea.  This is frankly false.  The government presents no proof and defendant denies this.  The Commonwealth dropped all charges, except the least serious charge, because it knew it could not prove its case against defendant on any  charge involving sexual acts; THESE RIDICULOUS CHARGES ACTUALLY CAME FROM C.B.'S MOTHER WHO HAD A HISTORY OF ANIMUS AGAINST THE DEFENDANT.

II.  ARGUMENT

    A.  Fed.R. Evid. 414 Does Not Permit Admission in the Government's Case in Chief of Evidence that Defendant Allegedly Molested M.B. and C.B.

        1.  Evidence Rule 414 does not permit admission of alleged prior acts of molestation of M.B. and C.B.

C.B.

Evidence Rule 414 requires proof of two separate offenses of child molestation:  the offense which the defendant is accused of in the pending criminal matter and the prior offense which the

government seeks to admit into evidence. Defendant concedes that the crimes he is currently charged with under 18 U.S.C. sec. 2252 fall under Chapter 110 of Title 18 and therefore qualify as "child molestation offenses" under Rule 414(d)(2).

However, the offense sought to be admitted allegedly involving C.B. does not qualify as a "child molestation offense" under Rule 414(d) because defendant plead guilty to Corruption of Minors which is a not a child molestation offense. 18 Pa.C.S.A. section 6301(a)(1) defines the crime as follows:

> actor did, being of the age of 18 years and upwards, by any act corrupt or tend to corrupt the morals of any minor less than 18 years of age , or who aids, abets, entices or encourages any such minor in the commission of any crime or who knowingly assists or encourages such minor in violation of his or her parole or any order of court.

No element of that crime involves any contact between any part of the defendant's body or an object and the genitals or anus of a child; contact between the genitals or anus of the defendant and any part of the body of a child; or deriving sexual pleasure or gratification from the infliction of death, bodily injury or physical pain on a child or an attempt or conspiracy to engage in conduct above. <u>See</u> Rule 414(d). Therefore, any alleged offense involving C.B. would not be admissible under Rule 414.

M.B.

As stated above, this alleged offense took place, according to the government's own admission, between 23 and 33 years ago. Rule 414(d) only applies to offense involving children below the

5

age of 14.  Because M.B. was born in June, 1971, he would have turned age 14 in June, 1985.  Therefore any relevant and material sexual abuse had to have occurred before June, 1985 which is almost 23 years ago.  The government alleges that these offenses were committed starting when M.B. was five years old in June, 1976 which is 32 years ago.

An offense committed 32-23 years ago is obviously stale. Memories dim; intervening events would have affected people's memories, bias, motives, etc.  The probative value of any act committed that long ago is obviously low or non-existent. Research has revealed no case which admitted prior crime evidence 32-23 years old.  Furthermore, alleged abuse of M.B. that long ago has lost any nexus with alleged possession of pornography in 2006.

The two alleged offenses are different.  <u>See</u> <u>United States v. Gabe</u>, 237 F.3d 954 (8th Cir. 2001) in which the court admitted evidence 20 years old **where earlier abuse was almost identical to that charged.**  Other cases, in which courts admitted old evidence all involved earlier offenses identical to the one charged.  In the instant case, the old evidence involves wholly different conduct/behavior.  M.B. is male, for example, whereas defendant is charged with possessing images of females.  Conduct involving M.B. required actual personal sexual contact, whereas the charges pending against defendant involve merely possessing pictures WITH NO personal contact between alleged victims and defendant.

In the instant case, defendant claims that his possession of pornography of any kind on "thumb drive" and floppy disk was unknowing.  He worked as a computer consultant and he exchanged hundreds of floppy disks and thumb drives and other portable computer media with dozens of colleagues with whom he worked in Europe.  He will testify he never knew that this disk and thumb drive contained pornography of any kind when he received them from colleagues.

The issue in the present case is whether his possession of the pornography was "knowing".  Whether he molested M.B. 23-32 years ago is not probative on whether his possession was knowing.

2.  The Danger of Unfair Prejudice Substantially Outweighs the Probative Value of this Evidence

The government admits that Rule 414 is subject to Rule 403, the balancing test which must be applied between the probative value and the danger of unfair prejudice.  See Johnson v. Elk Lake School District, 283 F.3d 138, 155 (3d Cir. 2002)

The Third Circuit's holding regarding Rules 413-415 in Johnson v. Elk Lake School District, 283 F.3d at 144 (3d Cir. 2002) is instructive:

> We also conclude, however, that even when the evidence of a past sexual offense is relevant, the trial court retains discretion to exclude it under Federal Rule of Evidence 403 if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[quoting rule].

7

> We think that in cases where the past act is demonstrated **with specificity** and similar to the act(s) for which the defendant is being sued, it is Congress' intent that the probative value of the similar act be presumed to outweigh Rule 403's concerns. In a case such as this one, however, in which **the evidence of the past act differs from the charged act in important ways**, we believe that no presumption in favor of admissibility is in order and that the trial court retains **significant** authority to exclude the proffered evidence under Rule 403. (emphasis
>
> added)

The Third Circuit, while acknowledging that uncharged conduct is admissible under Rule 415, recognized that "some limits, of course, need to be placed on its admissibility. . ." 283 F.2d at 152. The district court cannot be expected to conduct a "trial within a trial" to determine the veracity of the proffered evidence. Id.

The Third Circuit expressly rejected as oversimplification the view that Rule 403 should be applied to Rules 413-15 with a "thumb on the scale in favor of admissibility." Id. at 155-156. The relevant inquiries are: (1) the similarity of the prior acts and (2) whether the proponent can prove the prior acts with sufficient specificity and reasonable certainty, (3) closeness in time of the prior acts to the charged acts, (4) the frequency of the prior acts, (5) the presence or lack of intervening events, and (6) the need for evidence beyond the testimony of the defendant and the alleged victim (adopting the Tenth Circuit

standards).  283 F.3d at 156.

The government cites only ONE case in which a court admitted evidence of prior bad acts of molestation in a child pornography prosecution:  United States v. Bentley, 475 F.Supp.2d 852 (N.D. Iowa 2007).  Bentley is distinguishable because the defendant was also charged with sexual exploitation of minors under 18 U.S.C. section 2251 because he allegedly **took pornographic photos of a girl and her infant sister.**  Bentley did much more than merely possess pictures, he came into personal contact with his victims and actually created child pornography.  Therefore, evidence of prior instances of personal contact between Bentley and two other girls became probative.  In the instant case, the government alleges ONLY that Mr. Bunty possessed prohibited images--there are no allegations that he ever did anything more.

This court should disregard Bentley for one more reason--the Iowa court failed to apply the Rule 403 tests required by the Third Circuit in the Johnson case, supra.  Of course, the Iowa court does not lie in the Third Circuit and is not governed by Third Circuit standards.  But, the Bentley decision is striking by its failure to thoroughly discuss and apply Rule 403.  Bentley would have been impossible if rendered in the Third Circuit.

Defendant's research has revealed NO case in which a court admitted evidence of prior acts of molestation in a criminal case alleging ONLY possession of pornography.

Third Circuit Standards As Applied to Bunty

The probative value of this evidence is exceptionally low because:

a.  as to C.B.--the Commonwealth dropped all charges relating to child molestation and agreed to a plea to Corruption of Minors which contains NO elements of child molestation. 18 Pa.C.S.A. section 6301(a)(1).  This is not a sexual offense. The fabricated story of sexual contact was wholly created by the child's mother, a person with deep animus to the Bunty family. Furthermore, the child was only six years old at the time, so that her reliability, veracity, and ability to tell the difference between right and wrong was suspect.  More important, the Commonwealth determined it could NOT prove any sexual elements and dropped all counts containing elements of sexual acts/conduct/contact.  Instead, the Commonwealth agreed to a plea to Corruption of Minors, a crime with NO sexual elements.  This shows that the Commonwealth could not prove any molestation with sufficient specificity and reasonable certainty as required by the Third Circuit.

b.  as to M.B.--the age of this fantasy offense is so great, that the probative value is zero.  These allegations do not comport with the Third Circuit's requirement of "closeness in time, and presence of intervening events."  In the last 23-32 years, M.B.'s relationship with defendant, his adoptive father,

10

has been extremely problematic; M.B. has fought drug and alcohol addiction, has separated from C.B.'s mother, has become alienated from his mother, his brothers and from this defendant. Furthermore, M.B. is male, whereas the images found on defendant's portable media are female.  This is a significant difference.

     c.  as to both C.B. and M.B:  the risk of prejudice is high. The jury will have to decide whether defendant's possession of pornography, if indeed the images are found to be pornographic, was knowing. If the jury even suspects that defendant sexually molested a minor in the past, then it will immediately conclude that his possession was knowing regardless of the actual evidence presented on that point.  The proffered evidence will convince the jury to convict defendant on the pornography charge solely because he is a "bad man" based on his past behavior.  The proffered evidence will cause the jury to convict regardless of whether the government succeeds in proving knowing possession beyond a reasonable doubt.

     Admission of this evidence would relieve the government of meeting its burden of proving the elements of the pornography charge beyond a reasonable doubt and thus prejudice defendant. See United States v. Walker, 261 F. Supp. 2d 1154, aff'd, 8th Cir. 2004 (evidence of uncharged sexual abuse in calendar year 2002 against alleged child victim was inadmissible where probative value was substantially outweighed by danger of unfair prejudice under Rule 403).

Furthermore, the proffered offenses differ materially from the pending charges: child molestation differs substantially from possession of pornography, particularly given that the images seized in this case do NOT involve any sexual activity/contact/behavior. The question of whether defendant's possession was knowing is not advanced by considering whether he molested M.B. 23-32 years ago; M.B. is male and the images seized are female. That accents a further difference between the proffered evidence and the charged crime.

Two Trials Within a Trial

Furthermore, if this court grants the government's motion, it will have to conduct TWO trials within a trial. The first trial will be whether defendant molested M.B. 23-32 years ago. That trial will be most difficult considering the fragility of memories, witnesses disappearing, intervening events, etc.

The second trial will be whether defendant molested C.B. who was only six years old at the time. DEFENDANT ALREADY ENCOUNTERED THE JUSTICE SYSTEM ON THESE CHARGES AND PLED TO A NON-SEXUAL OFFENSE--IT WOULD BE MANIFESTLY UNFAIR TO SUBJECT HIM TO A TRIAL ON CHARGES ALREADY RESOLVED BY THE STATE COURT. Clearly, the evidence regarding sexual contact with C.B. was ambiguous/non-specific/not clear or else the Commonwealth would not have dropped the substantive sex-crime counts.

12

This court should apply the additional Rule 403 inquires as set forth by the Third Circuit:  would admission of this prior offense evidence confuse or mislead the jury and unduly delay the trial.  The answer is YES.  The principal issue is whether possession was knowing--that might take 2-3 trial days.  But, the TWO "trials within a trial" will each take up at least three days of trial time.  Thus, the trials within a trial will consume six extra trial days; the bulk of trial time will be devoted to the trials within the trial as opposed to the simple issue of knowing possession.

The jury will be confused and misled and prejudiced by a trial devoted mostly to prior offenses.  The trial will be dominated by the prior offense evidence.

The two trials within a trial will unduly delay our trial on the government's charges.  Child sex abuse cases are complicated and often involve experts on both sides.  Discovery and depositions would be needed to adequately prepare for these trials within the trial.  Depositions would be needed of the complainants, C.B., C.B.'s mother, the investigating police officers, M.B., and anyone M.B. might have talked to.  Because of M.B.'s drug and alcohol addictions, defendant would require a competency evaluation of M.B.  Under Commowealth v. Delbridge, 566 Pa. 618, 783 A.2d 764 (Pa. 2004), defendant will request a taint hearing to determine whether C.B.'s testimony is "tainted" by prior manipulation by her mother or other adult figures.  This

will further delay the trial and create ridiculous complications.

The last two inquires set forth by the Third Circuit are frequency of the alleged prior acts and the need for testimony beyond the defendant and the alleged victim.  There are only two alleged prior acts, one 23-32 years ago (M.B.) and one 6-9 years ago (C.B.--C.B. was born in June, 1998 and the government alleges abuse when C.B. was between one and four years old, so any alleged abuse took place between 1999 and 2002).  These are two isolated prior acts separated by a long time such that the frequency of the prior alleged acts is LOW.

Finally, there is no need for testimony beyond the defendant and victims.  In this case, there is no "victim" because the government alleges mere possession, there is no allegation that defendant actually looked at these pictures and no allegation that he had any personal contact, in person, by email, by phone, by any means, with any of the girls depicted in the photographs.  The sole issues for trial are whether (1) the images constitute pornography and (2) defendant's possession was "knowing." Neither M.B. nor C.B. can shed light on this issue.

B.  Federal Rule of Evidence 403(b) Does Not Permit
     Admission of the Proffered Bad Acts Evidence

The government asserts Rule 403(b) as an alternative ground to admit the prior bad acts evidence.  This assertion should be rejected.  Rule 404(b) provides:

Other crimes, wrongs or acts.  Evidence of

> other crimes, wrongs or acts is not admissible
> to prove character of a person in order to
> show action in conformity therewith. it may,
> however, be admissible for other purposes such
> as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity or
> absence of mistake or accident provided that
> upon request by accused, prosecution in
> criminal case shall provide reasonable notice.
> . . .

This rule prevents the government from using prior crimes, wrongs or acts to prove character or to prove the defendant possessed some character trait or propensity or predisposition to commit the crime alleged at trial.  <u>United States v. York</u>, 933 F.2d 1343, 1349 (7th Cir. 1991)

    1.  Proffered Evidence Goes to Character

The government wants to offer the other crimes evidence to show defendant's sexual orientation towards young children. Government brief at 13.  But, that is an ill-disguised attempt to introduce evidence of character; after all, sexual orientation goes to one's character, or predisposition or propensity and is precisely the type of evidence barred.  The issue for the jury is not, "is defendant a pedophile?", or "is the defendant a homosexual?".  The only issues are whether the images constitute pornography and whether possession of alleged pornography was knowing.

The government wants to offer other crimes evidence to show defendant's "intent, motive, opportunity when he participated in the acts of transporting and possessing child pornography in January of 2006".  Government brief at 14.  Again, this is an ill-

disguised attempt to conceal the government's attempt to introduce character, predisposition or propensity evidence through the ruse of calling it something else. See State v. Kirsh, 662 A.2d 937 (N.H. 1995) in which the supreme court of New Hampshire reversed a conviction because the trial judge admitted evidence under the state evidence rule 404(b), analogous to the federal rule, of prior sexual assaults which took place in the 1970's and 1980's. The Kirsh court held this prior bad act evidence to go to propensity/predilection, i.e., character, which should be excluded under Rule 404(b).

First, how does defendant's alleged molestation of M.B. 23-32 years ago prove intent, motive, opportunity to possess child pornography in January, 2006?  It does not.  The nexus between the two is so remote in time as to destroy the government's contention.

Second, how does defendant's alleged molestation of C.B. allegedly committed when the child was between one and almost four years old (government brief at 2) prove intent, motive or opportunity to possess child pornography in January 2006?  C.B. was six years old when the Commonwealth charged defendant in September, 2004.  C.B. was born in June, 1998.  So, according to the government, alleged abuse of C.B. would have started in June, 1999, when she turned one and lasted almost until 2002 when she turned four years old.  The question remains, how does alleged molestation (which is really a fantasy created by the child's

biased mother) of C.B. between 1999 and 2002 prove intent, motive or opportunity to possess child pornography in 2006?  It does not!  Again, the nexus between the two is so remote in time as to destroy the government's contention.

The government is trying to use these alleged prior acts as means to prove sexual orientation which goes to CHARACTER AND PREDISPOSITION, the precise things prohibited by Rule 404(b).

The case of <u>United States v. Brand</u>, 467 F.3d 179 (2d Cir. 2006) relied upon by the government, is distinguishable.  This case DID NOT involve a possession of pornography prosecution under 18 U.S.C. sec. 2252, but rather a prosecution for traveling interstate for the purpose of engaging in illicit sexual conduct with a child believed to be thirteen years old and for attempting to entice a minor to engage in illegal sexual activity.  18 U.S.C. sections 2423(b) and 2422(b).  Government agents had posed as minors in an internet chat room and had enticed the defendant to take steps to meet them for sex.

In <u>Brand</u>, the agents arrested defendant as he was driving to meet the supposed child victims for a sexual encounter.  **When they arrested defendant en route to the rendezvous, they found child pornography on defendant's computer.**  The prosecution then successfully introduced the pornography into evidence at trial under Rule 404(b).  The Second Circuit affirmed.

But, this case is distinguishable for two reasons:
1.  the defendant alleged a defense of entrapment; that the agents

enticed or implanted the rendezvous in the mind of defendant. The government appropriately rebutted entrapment by introducing evidence of predisposition through proffer of the child pornography. In Brand, the defendant opened the door to the introduction of predisposition evidence because of his defense of entrapment, whereas in the instant case, the defendant has not pled entrapment and has not opened the door to predisposition evidence.

2.   the agents found the pornography contemporaneously with defendant's commission of the crime alleged, i.e., the interstate travel to entice a child to have sex.   He was carrying the pornography precisely while he was traveling to the illegal rendezvous.   But, in the instant case, the alleged instances of molestation were both remote in time and not contemporaneous with the alleged commission of the crime of possession.   The possession allegedly occurred in January, 2006; the alleged molestation of M.B. took place twenty to thirty years earlier and the alleged molestation of C.B. took place between 1999 and 2002.

Acts committed YEARS BEFORE the crime alleged cannot, by definition, be probative of the state of mind (intent, motive, opportunity) of the actor at the later time.   THE ONLY POSSIBLE USE OF THE PROFFERED EVIDENCE WOULD BE TO SHOW CHARACTER, SEXUAL ORIENTATION, PREDISPOSITION, PROPENSITY, ALL THE THINGS PROHIBITED UNDER RULE 404(B).

    2.   Even If Relevant, The Proffered Evidence Should Be
       Excluded under Rule 403

Even if relevant, this evidence should be excluded by Rule 403 because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.   Federal Rule of Evidence 403.

Defendant restates and incorporates herein by reference the arguments made in section II(A)(2) of this brief, <u>supra</u>. as if fully set forth herein.

Finally, defendant incorporates by reference his motions to suppress Nathan Bunty's journal and to quash the indictment for the reason that any and all information about the family myth that M.B. was abused is the tainted fruit of the poisonous tree.   The government would never have had knowledge of the M.B. family myth or been able to coerce a family member testifying before the Grand Jury unless it had illegally obtained the journal and access to privileged data on defendant's home computer.

C.   CONCLUSION

For all the reasons set forth above, the defendant respectfully requests that this Court deny the government's motion to admit evidence of defendant's prior alleged molestation of M.B. and C.B. as prohibited under Rules 414 and 404(b) and 403.